UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CIV-80977-HURLEY/HOPKINS

JEFFREY C. SCHNEIDER, not individually,
but solely in his capacity as Receiver for
TRADE-LLC, BD LLC, TWTT-LLC,
CMJ CAPITAL LLC, and CENTER
RICHMOND LLC,

      Plaintiff,

v.

SILENT STANDBY POWER SUPPLY LLC,
FRANKLIN FREEDMAN, and SIRI SALMI,

      Defendants.
_____/

## RECEIVER'S UNOPPOSED MOTION TO APPROVE SETTLEMENT WITH DEFENDANTS; INCORPORATED MEMORANDUM OF LAW

Jeffrey C. Schneider, not individually, but solely in his capacity as receiver (the "Receiver") for Trade-LLC, BD LLC, TWTT-LLC, CMJ Capital LLC, and Center Richmond LLC (collectively, the "Receivership Entities" or "Trade"), moves this Court to approve the settlement with Defendants Silent Standby Power Supply LLC ("Silent Standby"), Franklin Freedman ("Freedman"), and Siri Salmi (collectively, "Defendants"). The Securities and Exchange Commission (the "SEC") has no objection to this Motion.[1]

### INTRODUCTION

This lawsuit is an ancillary receivership proceeding against Defendants, whom the Receiver contends improperly received $500,000, derived from Trade's defrauded investors without providing any value – let alone, "reasonably equivalent value," as is required – in return.

---

[1] Like it has done in the recent past regarding the Receiver's motions, the Commodity Futures Trading Commission (the "CFTC") takes no position.

Between May 2007 and July 2009, Philip W. Milton ("Milton") and William H. Center ("Center"), the defendants in the underlying SEC action styled *Securities and Exchange Commission v. Trade-LLC, Philip W. Milton, and William H. Center/Relief Defendants BD LLC, TWTT-LLC, and CMJ Capital LLC*, Case No. 10-CV-80737-HURLEY/HOPKINS, misappropriated investor funds by running a classic Ponzi scheme through Trade. Milton and Center reported to investors that they could make, and had made, extravagant returns of up to 8% a month or approximately 100% a year.

Due to promises of outlandish returns, Milton and Center raised at least $28 million from investors in a very short period of time. The investors were primarily from four investment "clubs" – Cash Flow Financial LLC, New Life Club LLC, Jool Club, and DC Advisors LLC. The clubs, in turn, raised funds from over 1,000 investors. Milton and Center misrepresented to investors that Trade was making profits by trading securities and commodities futures; in reality, Milton and Center transferred millions to themselves, family members and insiders, and there were millions of dollars in trading losses. Milton and Center have since consented to Judgments for their participation in the Ponzi.

The Receiver contends that, just as the scheme was starting to collapse, Milton and Center, through Trade, diverted $500,000 to Silent Standby. This was in June 2009, during the time that the SEC contacted Milton and Center regarding potential securities violations and shortly before Trade officially shut down. The $500,000 transfer was memorialized in a Promissory Note, but there was no interest on the Promissory Note and Silent Standby had the ability to re-pay the $500,000 at no interest, absent which no penalties would be imposed, except 15% of Silent Standby would be transferred to a company designated by Milton and/or Center. Silent Standby never repaid Trade (or another designee) any of the $500,000. The 15% interest

in Silent Standby was not actually transferred to Trade; instead, an "assignment" was executed between Silent Standby and another entity – CMJ Capital – in which the right to receive the 15% was assigned to CMJ Capital, a related entity that was also controlled and owned by Milton and Center.

Based on the above, the Receiver filed the Complaint [DE 1] against Defendants for fraudulent transfer, conversion, and unjust enrichment.

Through his efforts, the Receiver has negotiated a settlement with Defendants, which, among other things, provides: (1) within ninety (90) calendar days of the signed settlement agreement, the Receiver shall be paid $50,000.00 (absent which the Receiver shall be permitted to move for a Judgment against principal Freedman); (2) two Judgments in the amount of $100,000.00 each shall be entered against only Silent Standby; (3) the First Judgment shall be paid to the Receiver in increments based on the profitability of Silent Standby as described in the attached settlement agreement; (4) the Second Judgment shall have a duration of five (5) years and shall be paid to the Receiver in increments based on the profitability of Silent Standby as described in the attached settlement agreement; (5) Freedman and Salmi shall be permitted to draw a salary from Silent Standby as described in the attached settlement agreement; (6) Defendants shall provide financial reporting on a monthly basis to the Receiver, including permitting the Receiver to have unlimited access to Defendants' accountant; and (7) within twenty (20) calendar days of the Order approving the settlement, each of the Defendants shall provide to the Receiver a written disclosure under oath and penalty of perjury of their assets and liabilities.

A copy of the signed settlement agreement is attached as Exhibit A.

This resolution avoids thousands of dollars in attorneys' fees in litigation. Therefore, this

resolution naturally avoids the risk inherent in all litigation. Moreover, this is the last remaining lawsuit filed by the Receiver, so resolving this lawsuit will now allow the Receiver to move for a final distribution and ultimately close the case.[2] As a result, the Receiver believes that this Motion is in the best interest of the receivership estate and should be granted.

## MEMORANDUM OF LAW

Pursuant to analogous bankruptcy law, the decision about whether a compromise should be accepted or rejected lies within the sound discretion of the court. *In re Carson*, 82 B.R. 847 (Bankr. S.D. Ohio 1987); *In re Ericson*, 6 B.R. 1002 (Bankr. D. Minn. 1980); *Knowles v. Putteraugh (In re Hallet)*, 33 B.R. 564 (Bankr. D. Me. 1983); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605 (Bankr. N.D. Ohio 1985); *In re Hydronic Enterprise. Inc.*, 58 BR. 363 (Bankr. D. R.I. 1986). In passing on proposed settlements, the standard that courts apply, as stated by the Supreme Court in *Protective Committee v. Anderson*, 390 U.S. 414 (1968), is that the settlement be "fair and equitable" based on "an educated estimate of the complexity, expense, and likely duration of [] litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Id.* at 424.

This test has been adopted by the Eleventh Circuit in *In re Justice Oaks II. Ltd.*, 898 F .2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), which provides additional guidance as to whether a compromise should be approved. Justice Oaks established a four-part test:

    (a)    The probability of success in litigation;

    (b)    The difficulties, if any, to be encountered in the matter of collection;

---

[2] The Receiver will be filing the motion for final distribution in the coming days.

(c) The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

(d) The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

Applying the foregoing, the above settlement clearly satisfies the test. The Receiver is receiving $50,000.00 in liquid funds and stipulated judgments of $200,000.00 with profitability triggers for payments of potential future funds. The Receiver believes that, after full and careful consideration of the above issues, that this Court should approve the subject settlement.

A proposed Order granting this Motion is attached as Exhibit B. Proposed First and Second Judgments against Silent Standby are attached as Exhibits C and D, respectively. The Receiver respectfully requests that this Court enter the attached Order and Final Judgments.

## CERTIFICATION

As stated above, the SEC supports the above resolution.

WHEREFORE, the Receiver respectfully requests that this Court enter the attached Order and Final Judgments, approving the settlement between the Receiver and Defendants, and for such other relief that this Court deems just and proper.

Dated: August 6, 2012.                    Respectfully submitted,

                                                 **LEVINE KELLOGG LEHMAN**
                                                 **SCHNEIDER + GROSSMAN LLP**
                                                 *Counsel for the Receiver*
                                                 201 South Biscayne Boulevard
                                                 22nd Floor, Miami Center
                                                 Miami, Florida 33131
                                                 Telephone:     (305) 403-8788
                                                 Facsimile:      (305) 403-8789

                                                 By: <u>s:/Patrick J. Rengstl</u>
                                                       Patrick J. Rengstl, Esq.
                                                       FL Bar No. 0581631

6

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
201 South Biscayne Boulevard, 22nd Floor, Miami Center, Miami, Florida 33131 · Main: 305.403.8788 · Fax: 305.403.8789

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                          s:/Patrick J. Rengstl, Esq.
                                                          Patrick J. Rengstl, Esq.

## SERVICE LIST

**Patrick J. Rengstl, Esq.**
Attorney for the Receiver
LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
201 South Biscayne Blvd.
34th Floor, Miami Center
Miami, Florida 33131
Telephone: 305.403.8788
Facsimile: 3053.403.8789

**Howard P. Newman, Esq.**
Attorney for Defendants
712 US Hwy 1
Suite 210
North Palm Beach, FL 33408
Telephone: 561.630.4858
Facsimile: 561.842.9696

**Thomas Dougherty, Esq.**
Attorney for Defendants
712 US Hwy 1
Suite 210
North Palm Beach, FL 33408
Telephone: 561.630.4858
Facsimile: 561.842.9696
**(Via Email and U.S. Mail)**